IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEREMIAH LARENZ MOUZON,       )
                              )
        Plaintiff,            )
                              )
v.                            )        Civil Action No. 3:23-cv-101–HEH
                              )
STACEY KINCAID, *et al.*,     )
                              )
        Defendants.           )

## MEMORANDUM OPINION
### (Granting in Part and Denying in Part Motion to Dismiss)

Jeremiah Larenz Mouzon, a Virginia inmate, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The action is proceeding on Mouzon's Second Particularized Complaint. (ECF No. 28.) The matter is before the Court on its screening obligations under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Motion to Dismiss filed by Defendants Kincaid, Salzman, Dalton, Field, Wright, Kasseye, Hollar, Pugh, and Delach (ECF No. 37), and the Motion to Dismiss filed by Defendant Crossan (ECF No. 53). Mouzon has filed a response. (ECF No. 51.)[1] For the reasons set forth below, the Motion to Dismiss filed by Defendants Kincaid, Salzman, Dalton, Field, Wright,

---

[1] In his Response, Mouzon alleges a host of new facts. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (internal citations omitted) (internal quotation marks omitted). Accordingly, the Court will not consider facts alleged in Mouzon's Response in evaluating the Second Particularized Complaint. If Mouzon wishes the Court to consider additional facts, he should move to amend and submit a Proposed Third Particularized Complaint that complies with the Court's prior directions for submitting a particularized complaint.

Kasseye, Hollar, Pugh, and Delach (ECF No. 37) will be granted in part and denied in part and the Motion to Dismiss filed by Defendant Crossan (ECF No. 53) will be denied.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

2

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

## II. PRELIMINARY MATTERS

### A. The Original Complaint and Documents Attached Thereto

In moving to dismiss, Defendants rely upon allegations in the Original Complaint (ECF No. 1) and documents attached to the Original Complaint.[2] The "exhibit-prevails rule . . . provides that 'in the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (second alteration in original) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). Under this rule, "if a plaintiff 'attaches documents and *relies upon the documents to form the basis for a claim or part of a claim*, dismissal is appropriate if the document negates the claim." *Id.* (emphasis added) (quoting *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)).

Nevertheless, as subsequently explained by the United States Court of Appeals for the Fourth Circuit:

> The "exhibit-prevails" rule is based on "the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document." [*Goines*, 822 F.3d] at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* "[I]n cases where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.* "*The purpose for which the document is offered is particularly important where the document is one prepared by or for the defendant. Such unilateral documents may reflect the*

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in the quotations from the parties' submissions.

> defendant's version of contested events or contain self-serving, exculpatory
> statements that are unlikely to have been adopted by the plaintiff." *Id.* at 168.

*Bell v. Landress*, 708 F. App'x 138, 138–39 (4th Cir. 2018) (second alteration in

original). In *Bell*, the Fourth Circuit concluded that, in dismissing inmate Bell's

complaint, the district court improperly relied upon an incident report prepared by the

defendant that the plaintiff had attached to his complaint. *Id.* at 139.

    In their Memoranda in Support of their Motions to Dismiss, like in *Bell*,

Defendants rely upon an incident report Plaintiff attached to the Original Complaint.

(ECF No. 38, at 4; ECF No. 54, at 4.) There is no suggestion that Plaintiff intended to

adopt the contents of this document. Defendants fail to demonstrate that the Court can

consider the contents of this incident report in evaluating the Second Particularized

Complaint. *Bell*, 708 F. App'x at 139.

    Additionally, Defendants rely on allegations in the Original Complaint in moving

to dismiss. In doing so, Defendants note, "Facts in an amended complaint that are wholly

inconsistent with facts alleged in the original complaint can be indicative of the plaintiff's

bad faith . . . ." (ECF No. 38, at 4 (quoting *Cadmus v. Williamson*, No. 5:15-cv-00045,

2016 WL 929279, at *19 (W.D. Va. Feb. 1, 2016)), *report and recommendation adopted*,

No. 5:15-cv-045, 2016 WL 1047087 (W.D. Va. Mar. 10, 2016)). Assessing whether the

Court can rely on allegations in the prior complaint is far more nuanced than Defendants

suggest. "Of course, it is not always improper for a plaintiff to revise the alleged facts in

an amended complaint." *Id.* (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d

619, 627 & n.6 (4th Cir. 2015). At this juncture, Defendants fail to demonstrate that the

5

allegations in the Original Complaint are appropriately considered in their Motion to Dismiss the Second Particularized Complaint.

**B. Defendant Fary**

By Memorandum Opinion and Order entered on March 24, 2025, the Court dismissed all claims against Defendant Fary because Mouzon failed to serve him in a timely manner. (ECF Nos. 43, 44.) Subsequently, Mouzon filed a Motion to Amend (ECF No. 46) and a Motion to Vacate (ECF No. 50) wherein he seeks to vacate the March 24, 2025 Memorandum Opinion and Order and reinstate the claims against Defendant Fary. Mouzon fails to establish any error in the March 24, 2025 Memorandum Opinion and Order or any persuasive reason for reinstating the claims against Defendant Fary. Accordingly, the Motion to Amend (ECF No. 46) and Motion to Vacate (ECF No. 50) will be denied.

## III. MOUZON'S ALLEGATIONS AND CLAIMS

Mouzon alleges:

### Facts

1.     On 8-14-21 at approximately 10:00 a.m. pill pass was conducted to which Plaintiff received medication and was thought to have secreted the medication. Deputy Crossan called for back up to ensure a search of Plaintiff.

### Misuse of Force

2.     When backup arrived Plaintiff was ordered to "cuff up," to which Plaintiff refused.
3.     Deputy Crossan was ordered by Lt. Salzman and Lt. Fary to spray inmate with mace.
4.     Deputy Crossan sprayed Plaintiff with mace and requested more deputy backup to assist. To which Defendants Lt. Salzman, Lt. Fary, Sgt. Field and Sgt. Wright continued to use excessive amounts of chemical agents up to approximately 3 cans and utilized a pepper pellet gun.

6

5.      Defendants then placed inmate on carry blankets and proceeded to cut all of Plaintiff's clothes off and placed Plaintiff in a restraint chair for over 12 hours without decontamination and refused to allow Plaintiff access to a shower for 3 days.

Spoliation of Evidence

6.      Plaintiff requested grievances and access to videos and reports from Defendant Lt. Dalton to which Plaintiff was denied and told multiple times there is no longer any footage.

Retaliation

7.      Defendants Pugh and Delach have since denied Plaintiff access to ordered property stating "books have inappropriate covers," then later telling Plaintiff, "you need to leave things alone."

8.      Jane Doe has denied Plaintiff information and documents needed to file suit in stating, "Deliver legal documents to my department and I will file them for you."

(ECF No. 28, at 1–2.)

Based upon foregoing allegations, the Court deems Mouzon to raise the following claims:

Claim One     Defendants Crossan,[3] Salzman, Field, and Wright violated Mouzon's right to be free from the use of excessive force when they sprayed him with excessive amounts of chemical agents.

Claim Two     Defendants Crossan, Salzman, Field, and Wright violated Mouzon's rights when they did not decontaminate him after employing the chemical agents and left him confined to a restraint chair and refused to let him shower for three days.

Claim Three   Defendant Dalton violated Mouzon's rights when he told Mouzon that the video footage was destroyed.

Claim Four    Defendants Pugh and Delach violated Mouzon's First Amendment rights when they retaliated against him when they refused to allow him access to books that he had ordered.

---

[3] The Court is in the process of serving Defendant Crossan.

Claim Five   Defendant Jane Doe retaliated against Mouzon by denying him access
             to documents he needed to file suit.

### IV.   ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

### A. Defendants not mentioned in the Second Particularized Complaint

Defendants Kincaid, Kasseye, and Hollar were listed as defendants in the First Particularized Complaint, but Mouzon omitted them from the Second Particularized Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Defendants Kincaid, Kasseye, and Hollar are not mentioned in the caption, much less in the body of the Second Particularized Complaint. Accordingly, all claims against Defendants Kincaid, Kasseye, and Hollar will be dismissed.

### B. Claims One and Two

Whether Mouzon was a convicted felon or a pretrial detainee determines whether Claims One and Two are governed by the Eighth or Fourteenth Amendment. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (citations omitted). Nevertheless, Defendants

8

have not identified whether Mouzon was a convicted felon or a pretrial detainee at the time of the allegations in the Second Particularized Complaint. Further, Defendants have not provided any useful analysis as to why Claims One and Two are subject to dismissal. *See e.g., Mann v. Failey*, 578 F. App'x 267, 273–74 (4th Cir. 2014) (construing denial of decontamination shower for four or five days as an excessive force claim). Accordingly, the Motion to Dismiss Claims One and Two will be denied.

### C. Claim Three

In Claim Three, Mouzon suggests that Defendant Dalton violated his rights when he failed to preserve the video of incidents described in Claims One and Two. Mouzon does not identify what constitutional right was implicated, much less violated by this action. Mouzon fails to demonstrate that he has any constitutional right to have jail officials preserve the video of the incidents. *Cf. Hall v. Dep't of Motor Vehicles*, No. 3:23-cv-765 (RCY), 2024 WL 4667159, at *2 (E.D. Va. Nov. 4, 2024) (citations omitted) (rejecting § 1983 claim against state employees for failing to maintain record of accident). Accordingly, Claim Three will be dismissed without prejudice.

### D. Claims Four and Five

"To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024) (quoting *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020)). Here, Mouzon fails to allege facts that indicate that he was engaged in

9

any protected First Amendment activity. Accordingly, Claims Four and Five will be dismissed without prejudice.

## V. CONCLUSION

The Motion to Amend (ECF No. 46) and the Motion to Vacate (ECF No. 50) will be denied. The Motion to Dismiss filed by Defendants Kincaid, Salzman, Dalton, Field, Wright, Kasseye, Hollar, Pugh, and Delach (ECF No. 37) will be granted in part and denied in part and the Motion to Dismiss filed by Defendant Crossan (ECF No. 53) will be denied. Claims Three, Four, and Five will be dismissed without prejudice. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

                                                    /s/
                              _____

                              Henry E. Hudson
                              Senior United States District Judge

Date: July 9, 2025
Richmond, Virginia